UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DERRICK MITCHELL and MELISSA MITCHELL, <br><br> Plaintiffs, <br><br> v. <br><br> JP MORGAN CHASE BANK, N.A., and EQUIFAX INFORMATION SERVICES, LLC, <br><br> Defendants. | CIVIL ACTION <br><br> COMPLAINT 1:16-cv-10971 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COME** the Plaintiffs, DERRICK MITCHELL ("Derrick") and MELISSA MITCHELL ("Melissa") (collectively, "Plaintiffs") by and through their attorneys, SULAIMAN LAW GROUP, Ltd., complaining of the Defendants, JP MORGAN CHASE BANK, N.A., ("Chase"), and EQUIFAX INFORMATION SERVICES, LLC ("Equifax") (collectively, "Defendants") as follows:

### NATURE OF THE ACTION

1. Plaintiffs bring this action seeking redress for violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 et seq.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FCRA pursuant to 15 U.S.C. §1681 et seq., 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiffs reside in this District and all of the events or omissions giving rise to the claims occurred in this District.

**PARTIES**

4. Plaintiffs are consumers and natural persons over 18-years-of-age who, at all times relevant, owned real property located at 6615 S. Ingleside Avenue, Chicago, Illinois 60637 ("subject property").

5. Defendant Chase is a national banking association organized under the laws of the United States with its principal place of business at 270 Park Avenue, New York, New York. Chase is a foreign company, a creditor, lender, debt collector, furnisher of credit information, and servicer of mortgage loans across the country, including the State of Illinois. Chase is a furnisher of information to the major credit reporting agencies, including Equifax.

6. Defendant Equifax is a Delaware limited liability company with its principal place of business in Atlanta, Georgia. Equifax is in the business of compiling and maintaining consumer files for the purpose of furnishing credit information about consumers to third parties on a nationwide basis, including in the State of Illinois.

**BANKRUPTCY CASE**

7. In 2004, Plaintiffs inherited the subject property subject to a mortgage in the amount of $141,626.00 ("subject debt" or "subject loan") in favor of Chase.

8. On September 17, 2014, Plaintiffs filed a joint Chapter 13 bankruptcy petition in the United States Bankruptcy Court, Northern District of Illinois, Case Number 14-33886 ("bankruptcy").

9. Schedule D of the bankruptcy petition listed the subject loan, a secured pre-petition debt to Chase, in the amount of $133,236.00 secured by the subject property. *See* Exhibit A, a true and correct copy of Schedule D filed in Plaintiffs' bankruptcy case.

10. On September 18, 2014, because Plaintiffs listed Chase as a creditor, the Bankruptcy Noticing Center ("BNC") served Chase with notice of Plaintiffs' bankruptcy filing and Plaintiffs'

2

Original Plan. *See* Exhibit B, a true and correct copy of the BNC Certificate of Notice establishing service of the notice of filing and Original Plan upon Chase.

11. Plaintiffs' Original Plan proposed to treat Chase's claim as follows:

> "Debtors are surrendering the real property located at 6615 S. Ingleside, Chicago, Illinois to JPMorgan Chase in full satisfaction of its claims." *Id*. at p. 5.

12. On October 30, 2014, the 341 Meeting of Creditors was held with the Chapter 13 Trustee. No representative or attorney from Chase appeared at the 341 Meeting of Creditors.

13. On November 24, 2014, the Plaintiffs filed a modified Chapter 13 Plan ("Modified Plan"). *See* Exhibit C, a true and correct copy of the Plaintiffs' Modified Plan and BNC Certificate of Notice establishing service of the Modified Plan upon Chase.

14. Plaintiffs' Modified Plan proposed to treat Chase's claim as follows:

> "Debtors are surrendering the real property located at 6615 S. Ingleside, Chicago, Illinois to JPMorgan Chase in full satisfaction of its secured claims." *Id*. at p. 5.

15. On December 16, 2014, Plaintiffs' Chapter 13 Plan was confirmed by the Honorable A. Benjamin Goldgar. *See* Exhibit D, a true and correct copy of the Confirmation Order.

16. Plaintiffs fully performed their duties as set forth in their confirmed Chapter 13 Plan.

17. On October 30, 2015, the Bankruptcy Court entered an Order of Discharge in Plaintiffs' case of all dischargeable debts, including the subject loan. *See* Exhibit E, a true and correct copy of the Order of Discharge and BNC Certificate of Notice establishing service of the Order of Discharge upon Chase.

18. The Order of Discharge expressly states:

> "The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor..." *Id.* at p. 2.

19. On November 1, 2015, the BNC served Chase with the Order of Discharge. *Id.* at p. 3.

20. Pursuant to 11 U.S.C. §524, the Order of Discharge invoked the protections of the discharge injunction prohibiting any acts to collect upon the subject loan by Chase, or any other party.

21. Plaintiffs' personal liability on the subject loan was extinguished via their bankruptcy discharge, thus terminating the business relationship with Chase, and any of its successors and assigns.

### CREDIT REPORTING AND PLAINTIFFS' CREDIT DISPUTES TO EQUIFAX

22. In early November 2015, after Plaintiffs received their discharge, Plaintiffs accessed their credit reports to ensure that all creditors were reporting accurately and discovered that Equifax and Chase were reporting the subject loan with a high monthly payment amount and without a discharged status.

23. The reporting of the subject loan was inaccurate and misleading because the subject loan was discharged in Plaintiffs' bankruptcy on October 30, 2015, and thus should not have been reporting a "Scheduled Payment Amount" of greater than $0 and should have been reporting that the subject loan was discharged in Plaintiff's bankruptcy.

   a. **Plaintiffs' First Dispute Letters to Equifax**

24. On November 17, 2015, Plaintiffs sent a written credit dispute letter ("first dispute letter") to Equifax requesting that their credit file be updated to reflect the zero balances of all accounts discharged in their Chapter 13 bankruptcy. Plaintiffs also specifically disputed the Chase trade line **[Account #*9894]**. Plaintiffs attached all relevant and supporting bankruptcy documents to their first dispute letter. *See* Group Exhibit F, true and correct copies of Melissa and Derrick's November 17, 2015 dispute letters to Equifax.[1]

---

[1] Plaintiffs' dispute letters are identical.

4

25. Among other items, Plaintiffs' first dispute letter stated the following:

   a. "I am enclosing a copy of my discharge order entered on 10/13/15;"
   b. "You are required to report a current balance of "0", past due amount of "0", monthly payment of "0," and an accurate account and payment history after I filed my bankruptcy and after my discharge on all accounts included in my bankruptcy case;"
   c. "Please consider this letter as a dispute and notice. Specifically, I am requesting an investigation into the following account(s): Chase Bank acct #0049, JP Morgan Chasse acct # 3829, JP Morgan Chase acct # 9894, Chase acct # 5714, People Gas acct # 3303. Please update these accounts;"
   d. "In addition, it is my understanding that each of the above creditors is required to investigate my disputes;" and
   e. "I request that you forward this letter, and the enclosures, to each of the creditors listed above." *Id.*

26. Plaintiffs sent their first dispute letter to Equifax via certified mail, return-receipt requested. *Id.*

27. Upon information and belief, Chase received notice of Plaintiffs' first dispute letter and all relevant information from Equifax within five days of Equifax receiving Plaintiffs' first dispute letter. *See* 15 U.S. Code §1681i(a)(2).[2]

   **b. Equifax's Responses to Plaintiffs' First Dispute Letters**

28. On December 3, 2015, Equifax responded to Plaintiffs' first dispute letter by correcting some of the accounts discharged in their bankruptcy, but not the Chase account. Equifax's response stated that the Chase trade line has been update to show included in bankruptcy.

---

[2] In each of Plaintiffs' 2 dispute letters, Plaintiffs attached their bankruptcy Discharge Order, their confirmed Chapter 13 plan, their Petition Schedules D, E, and F, copies of their Driver's License, and copies of their Social Security Cards.

5

29. Despite Equifax's representation that the Chase trade line was updated, Equifax was still reporting the Chase account [**Account # 465196535\***] with a "Scheduled Payment Amount" of $1,408.00.[3]

30. Moreover, Equifax and Chase failed to report the Chase trade line as discharged in bankruptcy.

31. The reporting of the Chase trade line on Plaintiffs' credit file is inaccurate and creates a materially misleading impression that Plaintiffs are still responsible for and obligated to pay the monthly payment amount. However, Plaintiffs are no longer liable on the subject loan as Plaintiffs' Chapter 13 bankruptcy was discharged on October 30, 2015.

### c. Plaintiffs' Second Dispute Letter to Equifax

32. On December 29, 2015, Plaintiffs sent *another* written credit dispute letter to Equifax ("second dispute letter"), requesting that their credit file be updated to reflect a zero balance and discharged status of all accounts discharged in their Chapter 13 bankruptcy. Plaintiffs again attached all relevant information and supporting bankruptcy documents to their second dispute letter. *See* Group Exhibit G, true and correct copies of Melissa and Derrick's December 29, 2015 dispute letters to Equifax.

33. Among other items, Plaintiffs' second dispute letter stated the following:

   a. "I am enclosing a copy of my discharge order entered on 10/30/15 in my Chapter 13 case along with my chapter 13 case along with my chapter 13 Plan and schedules;"
   b. "You are required to report a current balance of "0", past due amount of "0", monthly payment of "0," and an accurate account and payment history in respect of my

---

[3] Pursuant to the Consumer Data Industry Association's ("CDIA") guidelines, in which Equifax and Chase are members, CRAs and furnishers are required to report a "Scheduled Monthly Payment Amount" of $0 following completion/discharge of a debtor's Chapter 13 Plan. *See* 2013 CDIA Manual; page 6-21.

6

  automatic stay as well as after my bankruptcy discharge on all of the accounts included in my bankruptcy case;"
 c. "Please consider this letter as a dispute and notice;"
 d. "In addition, it is my understanding that each of the above creditors is required to investigate my disputes upon receipt of notification from you of this information;" and
 e. "In order to facilitate those investigations I request that you forward this letter, and the enclosures, to each of the creditors listed above." *Id.*

34. Upon information and belief, Chase received notice of Plaintiffs' second dispute letters and all relevant information from Equifax within five days of Equifax receiving Plaintiffs' second dispute letters. *See* 15 U.S. Code §1681i(a)(2).

### d. Equifax's Responses to Plaintiffs' Second Dispute Letters

35. On January 6, 2016, Equifax responded to Plaintiffs' second dispute letters by correcting some of the accounts discharged in their bankruptcy, but not the Chase account. Equifax's responses stated that the Chase trade line is currently reporting as included in bankruptcy.

36. Despite Equifax's representation that the Chase trade line is currently reporting as included in bankruptcy, Chase and Equifax were still reporting the Chase account (**Account #-465196535\***) with a "Scheduled Payment Amount" of $1,408.00.

37. Moreover, Equifax and Chase failed to report the Chase trade line as discharged in bankruptcy.

38. The reporting of the Chase trade line is inaccurate and creates a materially misleading impression that Plaintiffs are still responsible for and obligated to pay the monthly payment amount. However, Plaintiffs are no longer liable on the subject loan as Plaintiffs' Chapter 13 bankruptcy was discharged on October 30, 2015.

**IMPACT OF CONTINUING
INCORRECT REPORTING ON PLAINTIFFS' CREDIT FILES**

39. As of today, the erroneous reporting of the Chase account continues to paint a false and damaging image of Plaintiffs. Defendants have yet to completely update the Chase account to accurately reflect the discharged status of the subject loan.

40. The entire experience has imposed upon Plaintiffs significant distrust, frustration, distress, and has rendered Plaintiffs helpless as to their ability to regain a firm foothold on their creditworthiness, credit standing, credit capacity, and their ability to move forward after their bankruptcy discharge.

41. The inaccurate reporting of subject loan continues to have significant adverse effects on Plaintiffs' credit rating and their ability to obtain financing because it creates a false impression that Plaintiffs are still obligated to pay on the subject loan, rendering Plaintiffs high risk consumers and damaging their creditworthiness.

42. As a result of the conduct, actions, and inaction of the Defendants, Plaintiffs have suffered various types of damages as set forth herein, including specifically, out-of-pocket expenses, the loss of credit, the loss of ability to purchase and benefit from a credit line, certified mail expenses, and other frustration and aggravation associated with writing dispute letters, time and money expended meeting with their attorneys, tracking the status of their disputes, monitoring their credit file, and mental and emotional pain and suffering.

43. Due to the conduct of the Defendants, Plaintiffs were forced to retain counsel to resolve the erroneous credit reporting of the Chase trade line.

**COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST CHASE)**

44. Plaintiffs restate and reallage paragraphs 1 through 43 as though fully set forth herein.

45. Plaintiffs are "consumers" as defined by 15 U.S.C. §§1681a(c) and (b).

46. Chase is a "person" as defined by 15 U.S.C. §1681a(b).

47. Chase is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

48. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

49. Chase violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving numerous requests for an investigation from Equifax.

50. Chase violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information provided by Equifax pursuant to §1681i(a)(2).

51. Had Chase reviewed the information provided by Equifax, it would have corrected the inaccurate designation of the subject loan, transmitting the correct information to Equifax. Instead, Chase wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

52. Chase violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of any reasonable investigation or reinvestigation of Plaintiffs' disputes to Equifax.

53. Chase violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to promptly modify, delete, or permanently block the inaccurate information on Plaintiff's credit file. Instead, Chase continued to report the inaccurate and misleading information in Plaintiff's credit file after Plaintiff's detailed disputes.

54. Chase failed to conduct a reasonable reinvestigation of its reporting of the subject loan, record that the information was disputed, or delete the inaccurate reporting from Plaintiff's credit file within 30 days of receiving notice of a dispute from Equifax under 15 U.S.C. §1681i(a)(1).

55. Chase violated 15 U.S.C. §1681s-2(b)(2) by failing to take the required action with respect to Plaintiffs by the deadlines set forth in 15 U.S.C. §1681i(a)(1).

56. Despite the blatantly obvious errors on Plaintiffs' credit files, and Plaintiffs' copious efforts to correct the errors, Chase did not correct the errors or trade line to report accurately. Instead, Chase wrongfully re-reported, furnished and re-furnished false and erroneous information that Plaintiffs were still responsible for and obligated to pay the monthly payment amount. However, Plaintiffs are no longer liable on the subject loan as Plaintiffs' Chapter 13 bankruptcy was discharged on October 30, 2015.

57. Chase's failure to report that Plaintiffs disputed the accuracy of the trade line was a failure to accurately update the information because it was "misleading in such a way and to such an extent that it [could] be expected to have an adverse effect" on Plaintiffs. *Saunders v. Branch Banking & Trust Co. of Va.*, 526 F.3d 142 (4th Cir. 2008); *see also Freedom v. Chase Financial, LLC*, 2016 U.S. Dist. LEXIS 97533.

58. A reasonable investigation by Chase would have confirmed the veracity of Plaintiffs' disputes, yet the inaccurate information continues to be reported on Plaintiffs' credit file.

59. Had Chase taken steps to investigate Plaintiffs' valid disputes or Equifax's requests for investigation, it would have permanently corrected the erroneous credit reporting. Plaintiffs provided all relevant information regarding their disputes in their requests for investigation. Furthermore, Plaintiffs' bankruptcy information is public record that is widely available and easily accessible.

60. By deviating from the standards established by the mortgage servicing industry and the FCRA, Chase acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Equifax.

**WHEREFORE**, Plaintiffs DERRICK MITCHELL and MELISSA MITCHELL respectfully pray this Honorable Court for the following relief:

   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
   b. Order the deletion or modification of all adverse credit reporting relating to the subject loan;
   c. Award Plaintiffs actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;
   d. Award Plaintiffs statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681*n*;
   e. Award Plaintiffs punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681*n* and 15 U.S.C. §1681*o*;
   f. Award Plaintiffs costs and reasonable attorney fees as provided under 15 U.S.C. §1681*n* and 15 U.S.C. §1681*o*; and
   g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT II - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### (AGAINST EQUIFAX)

61. Plaintiffs restate and reallege paragraphs 1 through 43 as though fully set forth herein.

62. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

63. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

64. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

65. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free

11

of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

66. Plaintiffs provided Equifax with all relevant information and documentation in their requests for investigation and reinvestigation to reflect that they obtained a discharge and are no longer liable for the subject loan.

67. Equifax prepared the Plaintiffs' consumer reports containing inaccurate and materially misleading information by reporting the subject loan with a high scheduled payment amount, when in fact Plaintiffs were no longer financially obligated on the subject loan.

68. A simple review of the relevant documents submitted by Plaintiffs would have confirmed that Plaintiffs had filed and were discharged in bankruptcy, and did not owe a scheduled payment amount. The reporting of the Chase trade line is inaccurate and creates a materially misleading impression that Plaintiffs are still responsible for and obligated to pay the monthly payment amount. However, Plaintiffs are no longer liable on the subject loan as Plaintiffs' Chapter 13 bankruptcy was discharged on October 30, 2015.

69. Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiffs. On numerous occasions, Equifax has prepared a patently false and a materially misleading consumer report concerning Plaintiffs.

70. Equifax violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information on Plaintiffs' credit files.

71. Had Equifax taken any steps to investigate Plaintiffs' valid disputes, it would have determined that subject loan was discharged in their bankruptcy on October 30, 2015.[4]

72. Instead, Equifax sent the Plaintiffs multiple correspondences that it had updated its records to reflect the Plaintiffs' bankruptcy discharge, at the same time it continued to willfully report and re-report the inaccurate information.

73. Equifax violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiffs' disputes to Chase. Upon information and belief, Equifax also failed to include all relevant information as part of the notice to Chase regarding Plaintiffs' disputes that Equifax received from the Plaintiffs.[5]

74. Equifax violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from the Plaintiffs and Chase with regard to the subject loan.

75. Equifax violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the incorrect information that was the subject of Plaintiffs' disputes.

76. Equifax violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Chase that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiffs. The lack of notice and correction caused Plaintiffs to pull their credit multiple times, only to find that the inaccurate reporting remained. The multiple necessary inquiries had a continued negative impact on Plaintiffs' credit worthiness and credit scores.

---

[4] Equifax's own "Public Record Information" was reporting Plaintiff's bankruptcy case.
[5] As part of Plaintiffs' 2 dispute letters, Plaintiffs included copies of their Discharge Order, Petition Schedules D, E, and F, copies of their confirmed Chapter 13 plan, and copies of their Driver's Licenses an d Social Security Cards.

77. Since all of Plaintiffs' other accounts were reported as "discharged," with "$0 Schedule Payment Amounts," Equifax should have investigated why the Chase trade line still reported a "scheduled payment amount" of $1,408.00.

78. Moreover, after Plaintiffs' written disputes, Equifax had specific information related to Plaintiffs' bankruptcy case, confirmed Chapter 13 plan and subsequent discharge, which included the subject loan.

79. Equifax knew that the inaccurate designation of the subject loan on Plaintiffs' consumer reports under the Chase trade line with a high scheduled payment amount after their bankruptcy discharge would have a significant adverse affect on their credit worthiness and ability to receive a "fresh start" after completing their Chapter 13 plan.

80. Despite actual knowledge that Plaintiffs' credit file contained erroneous information, Equifax readily sold Plaintiffs inaccurate and misleading report to one or more third parties, thereby misrepresenting facts about Plaintiffs and, ultimately, Plaintiffs' creditworthiness.

81. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

82. By deviating from the standards established by the credit reporting industry and the FCRA, Equifax acted with reckless disregard for its duties to report accurate and complete consumer credit information.

83. It is Equifax's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

84. Equifax's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful and wanton nature of its conduct in maintaining Plaintiff's consumer reports and reporting Plaintiff's credit information.

85. Equifax acted reprehensively and carelessly by reporting and re-reporting Plaintiffs as responsible for and obligated to pay a high monthly payment amount to Chase after Plaintiffs' bankruptcy discharge.

86. Upon information and belief, Equifax has exhibited a pattern of refusing to correct consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

87. Equifax's pattern of refusal to correct patently false information as mandated by the FCRA reveals a conscious disregard of the rights of Plaintiffs. The injuries suffered by Plaintiffs are attended by circumstances of malice, and/or willful and wanton misconduct, calling for statutory damages, an assessment of punitive damages against Equifax, plus attorneys' fees and costs pursuant to 15 U.S.C. §§ 1681*o* and 1681*n*.

**WHEREFORE**, Plaintiffs DERRICK MITCHELL and MELISSA MITCHELL respectfully pray this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Order the deletion of all adverse credit reporting;
c. Award Plaintiffs actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681*n* and 15 U.S.C. §1681*o*;
d. Award Plaintiffs statutory damages of $1,000.00 for each of the underlying FCRA violations, pursuant to 15 U.S.C. §1681*n*;
e. Award Plaintiffs punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681*n*;
f. Award Plaintiffs costs and reasonable attorney's fees as provided under 15 U.S.C. §1681*n*(3) and 15 U.S.C. §1681*o*(2); and
g. Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiffs demand trial by jury.**

Dated: November 30, 2016                              Respectfully Submitted,

                                                           /s/ Omar T. Sulaiman
                                                           Omar T. Sulaiman ARDC# 6322837
                                                           *Counsel for Plaintiffs*
                                                           Sulaiman Law Group, Ltd.
                                                           900 Jorie Blvd, Ste 150
                                                           Oak Brook, IL 60523
                                                           Phone: (630)575-8181
                                                           Fax: (630)575-8188
                                                           osulaiman@sulaimanlaw.com